

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV - 3 2016

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ARTURO LEMUS, JR.,            §
                             §
        Movant,              §
                             §
VS.                          §   NO. 4:16-CV-739-A
                             §   (NO. 4:14-CR-105-A)
UNITED STATES OF AMERICA,     §
                             §
        Respondent.          §

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Arturo Lemus, Jr.

("movant") under 28 U.S.C. § 2255 to vacate, set aside, or

correct sentence. After having considered such motion, the

government's response, pertinent parts of the record in Case No.

4:14-CR-105-A, styled "United States of America v. Arturo Lemus,

Jr.," and applicable authorities, the court has concluded that

the motion should be denied.

I.

## Background

Information contained in the record of the underlying

criminal case discloses the following:

On May 14, 2014, movant was named in a one-count indictment

charging him with being a felon in possession of a firearm, in

violation of 18 U.S.C. § 922(g)(1). CR Doc.[1] 10. On July 3, 2014,

---

[1]The "CR Doc." reference is to the number of the item on the docket in the underlying criminal
(continued...)

movant pleaded guilty. CR Doc. 19. At the time, movant was free
on bond. Id. One day after disclosure of the presentence
investigation report, movant was stopped for a traffic violation
and was found to be in possession of drugs and a large amount of
cash. CR Doc. 24, 28. His conditions of release were revoked. Cr.
Doc. 30. The probation officer then amended the presentence
investigation report to take away the three-level reduction for
acceptance of responsibility, since movant had failed to withdraw
from criminal conduct, and to recommend an upward departure. CR
Doc. 32. The court gave the parties written notice through an
order signed October 31, 2014, that it had tentatively concluded
that a sentence of imprisonment significantly above the top of
the advisory guideline range would be appropriate. CR Doc. 36.

At sentencing, the court adopted without objection the
findings and conclusions of the presentence investigation report
and addendum. Movant's counsel urged that he be sentenced within
the guideline range and argued that an upward departure should
not be ordered. CR Doc. 46 at 4-8. Movant's brother, sister, and
a niece spoke on his behalf. CR Doc. 46 at 9-12. Movant then
apologized and purported to take full responsibility for his
actions. CR Doc. 46 at 13.

---

[1](...continued)
case, No. 4:14-CR-105-A.

The court sentenced movant to a term of imprisonment of 120 months. CR Doc. 40. Movant appealed and his sentence was affirmed. CR Doc. 47, 48. <u>United States v. Lemus</u>, 619 F. App'x 404 (5th Cir. 2015).

## II.

### Grounds of the Motion

Movant urges two grounds in support of his motion, worded as follows:

> **GROUND ONE:** Unconstitutional sentence pursuant to the recent decision in [<u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015)].

Doc.[2] 1 at 5. As supporting facts, movant says that his sentence was enhanced for prior criminal conduct that has now been ruled unconstitutional.

> **GROUND TWO:** Ineffective assistance of appellate counsel on direct appeal.

Doc. 1 at 6. As supporting facts, movant asserts that he was wrongfully denied his three point reduction for acceptance of responsibility due to conduct while on supervised release. He says his attorney failed to argue this at sentencing; hence he received a higher sentence than was called for. <u>Id.</u>

## III.

---

[2]The "Doc." reference is to the number of the item on the docket in this civil action.

3

## Standards of Review

A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later

4

collateral attack." <u>Moore v. United States</u>, 598 F.2d 439, 441

(5th Cir. 1979) (citing <u>Buckelew v. United States</u>, 575 F.2d 515,

517-18 (5th Cir. 1978)).

B.    <u>Ineffective Assistance of Counsel Claims</u>

        To prevail on an ineffective assistance of counsel claim,

movant must show that (1) counsel's performance fell below an

objective standard of reasonableness and (2) there is a

reasonable probability that, but for counsel's unprofessional

errors, the result of the proceedings would have been different.

<u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984); <u>see also</u>

<u>Missouri v. Frye</u>, 566 U.S. ___, 132 S. Ct. 1399, 1409-11 (2012).

"[A] court need not determine whether counsel's performance was

deficient before examining the prejudice suffered by the

defendant as a result of the alleged deficiencies." <u>Strickland</u>,

466 U.S. at 697; <u>see also</u> <u>United States v. Stewart</u>, 207 F.3d 750,

751 (5th Cir. 2000).  "The likelihood of a different result must

be substantial, not just conceivable," <u>Harrington v. Richter</u>, 562

U.S. 86, 112 (2011), and a movant must prove that counsel's

errors "so undermined the proper functioning of the adversarial

process that the trial cannot be relied on as having produced a

just result." <u>Cullen v. Pinholster</u>, 563 U.S. 170, 189 (2011)

(quoting <u>Strickland</u>, 466 U.S. at 686).  Judicial scrutiny of this

type of claim must be highly deferential and the defendant must

overcome a strong presumption that his counsel's conduct falls
within the wide range of reasonable professional assistance.
Strickland, 466 U.S. at 689.

IV.

Analysis

In his first ground, movant simply refers to Johnson, not
even giving a proper citation. He does not allege any facts to
support any claim that his sentence was improperly enhanced.
Although the motion is to be liberally construed, mere conclusory
allegations on critical issues are insufficient to raise a
constitutional issue. United States v. Pineda, 988 F.2d 22, 23
(5th Cir. 1993). Movant was not sentenced based on prior violent
felonies or serious drug offenses.

In his second ground, movant says that he received
ineffective assistance of counsel. He has not made any attempt to
overcome the strong presumption that his counsel's conduct falls
within the wide range of reasonable professional assistance.
Strickland, 466 U.S. at 689. The record reflects that movant
continued to engage in criminal activity while on bond. Failure
to terminate or withdraw from criminal conduct or associations is
a factor the court may take into account when determining whether
the defendant has demonstrated acceptance of responsibility. USSG
§ 3E1.1, comment. (n.1). The failure to raise a meritless claim

6

cannot be ineffective assistance of counsel. <u>United States v.</u>
<u>Kimler</u>, 167 F.3d 889, 893 (5th Cir. 1999).

V.

<u>Order</u>

The court ORDERS that all relief sought by movant in his
motion under 29 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate
Procedure, Rule 11(a) of the Rules Governing Section 2255
Proceedings for the United States District Courts, and 28 U.S.C.
§ 2253(c)(2), for the reasons discussed herein, the court further
ORDERS that a certificate of appealability be, and is hereby,
denied, as movant has not made a substantial showing of the
denial of a constitutional right.

SIGNED November 3, 2016.

_____
JOHN McBRYDE
United States District Judge

7